United States District Court
For the Northern District of California

**\*E-FILED 5/14/2009\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR08-00284 RMW (HRL) |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO COMPEL DISCOVERY** |
| v. | |
| MAX BUDZIAK, | **[Re: Docket No. 58]** |
| Defendant. | |

Defendant is charged with distribution (two counts) and possession (one count) of child pornography. According to the FBI, which used a proprietary enhanced version of LimeWire, the peer-to-peer ("P2P") file-sharing software, the two counts of distribution are based on files allegedly available for sharing and downloading from defendant's computer on June 6, 2007 and June 14, 2007. According to defendant' purported expert, Ron Short, these allegations are inconsistent with his review of the forensic images residing on defendant's computer after it was seized some six weeks later. Defendant now moves this court for an order compelling the government to produce (a) technical specifications and all documentation pertaining to the enhanced proprietary version of LimeWire used by the FBI; and (b) an installable copy of that program. The government opposes the motion on the grounds that (a) the requested discovery will not yield any material information; and (b) the enhanced LimeWire program is a proprietary investigative tool, the disclosure of which would compromise investigations.

1    Under Fed.R.Crim.P. 16, a criminal defendant is entitled to discovery of materials
2 within the government's possession, custody or control and which are material to the
3 preparation of his defense. FED.R.CRIM.P. 16; United States v. Mandel, 914 F.2d 1215, 1219
4 (9th Cir. 1990). "To obtain discovery under Rule 16, a defendant must make a prima facie
5 showing of materiality." Mandel, 914 F.2d at 1219. However, "[n]either a general description
6 of the information sought nor conclusory allegations of materiality suffice; a defendant must
7 present facts which would tend to show that the Government is in possession of information
8 helpful to the defense." Id. Even if a prima facie showing of materiality is made, the
9 government need not disclose information covered by the law enforcement privilege. See In re
10 Dep't of Investigation of the City of New York, 856 F.2d 481, 484 (2d Cir. 1988) ("The
11 purpose of this privilege is to prevent disclosure of law enforcement techniques and procedures,
12 to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel,
13 to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent
14 interference with an investigation.").

15    The government has already produced computer logs and screen shots which it says
16 identify and confirm the IP address of the distributing computer (i.e., defendant's computer), as
17 well as the contents of each file distributed by defendant and downloaded by the FBI.
18 Defendant now questions whether whole images were received by the FBI and whether those
19 images were received only from his computer. Defendant says that there is a possibility that
20 images on defendant's computer were reassembled from different sources and maintains that the
21 only way he can confirm this is to have Short conduct an examination of the FBI's enhanced
22 LimeWire program.

23    The government has made compelling arguments, with supporting declarations, as to
24 why a copy of the FBI's proprietary enhanced LimeWire program will not provide defendant
25 with the information he says he needs, much less that the program will yield any information
26 material to the defense. Additionally, the government attests that the source code for the
27 enhanced LimeWire program is locked, even as to FBI agents and law enforcement officers.
28 Thus, the government says that even if Short were to review a copy of the software, he would

1 not be able to discern how it operates. Defendant did not file any reply papers or a rejoinder
2 from Short. Instead, at the motion hearing, the defense posited that an examination of the
3 enhanced software might yield helpful information, but could not say for sure what, if anything,
4 might be found. He argued that he hopes to find information that might show that images
5 contained on defendant's computer after it was seized were reassembled from different sources.
6 But this court is unpersuaded as to why confirming that information is necessary or material to
7 defending against the allegation that defendant distributed images from his computer to the FBI
8 some six weeks before.

9       Based on the foregoing, defendant's motion to compel is denied.
10       SO ORDERED.
11 Dated: May 14, 2009

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

1  **5:08-cr-284-1 Notice has been electronically mailed to:**

2  Guerin Jordan Provini gprovini@aol.com

3  Jeffrey Benjamin Schenk jeffrey.b.schenk@usdoj.gov

4  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.