JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

EUMI L. CHOI (WVBN 722)
Assistant United States Attorney

*E-FILED - 5/6/10*

   150 Almaden Boulevard
   San Jose, California 95113
   Telephone: (408) 535-5079
   Facsimile:  (408) 535-5066
   Email: Eumi.Choi@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 08-00284 RMW |
|---|---|---|
| Plaintiff, | ) | |
| | ) | STIPULATION AND [] |
| v. | ) | ORDER TO CONTINUE STATUS HEARING AND TO EXCLUDE TIME FROM MARCH 15, 2010, THROUGH MAY 3, 2010, FROM THE SPEEDY TRIAL ACT CALCULATION (18 U.S.C. § 3161(h)(7)(A),(B)) |
| MAX BUDZIAK, | ) | |
| Defendant. | ) | |

On January 11, 2010, the parties appeared for a status hearing before the Court in the above-cited case. At that time, based upon the request of defense counsel, to which the government did not object, the Court set the matter for a status hearing on March 15, 2010, to allow for counsel's continued review of the discovery and to develop the defense investigation in this case.[1]  The parties thus stipulated to an exclusion of time under the Speedy Trial Act to allow counsel for defendant reasonable time for effective preparation.

Counsel for defendant has requested that the March 15, 2010 be continued to May 3, 2010, in light of serious family illness.  Counsel for defendant is also in the midst of having a

---

[1] Defense counsel was recently appointed in the case in November 2009.

1

1 psychiatric evaluation completed for his client.   The government does not oppose the request,
2 under the circumstances.
3      The United States hereby submits this written request for an order finding that said time
4 is excluded under the Speedy Trial Act, 18  U.S.C. § 3161, in that the ends of justice are served
5 by taking such action and outweigh the best  interests of the public and defendant in a speedy
6 trial. 18 U.S.C. § 3161(h)(7)(A).  Further, the failure to grant such a continuance would
7 unreasonably deny defendant continuity of counsel, and unreasonably deny counsel for
8 defendant the reasonable time necessary for effective preparation, taking into account the
9 exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).
10
11 DATED: March 11, 2010                    JOSEPH P. RUSSONIELLO
                                                   United States Attorney
12
13                                          _____/s/_____
                                         EUMI L. CHOI
14                                          Assistant United States Attorney
15
16                                          _____ /s/_____
                                         WM. MICHAEL WHELAN, JR.
17                                          Attorney for Defendant
18
19
20
21
22
23
24
25
26
27
28

**ORDER**

Based upon the stipulation of the parties, and for good cause shown, the Court HEREBY ORDERS that the time between March 15, 2010, through May 3, 2010, is excluded under the Speedy Trial Act, 18 U.S.C. § 3161.  The Court finds that the ends of justice are served by taking such action and outweigh the best interests of the public and defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).   Further, the failure to grant such a continuance would unreasonably defendant continuity of counsel, and unreasonably deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).  The Court therefore concludes that this exclusion of time should be made under 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

IT IS SO ORDERED.

DATED:  5/6/10

_Ronald M. Whyte_
RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE