IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MAX BUDZIAK,<br><br>    Defendant. | NO. CR-08-00284 RMW<br><br>ORDER DENYING MOTION TO SUPPRESS<br><br>[Docket # 123] |

    Defendant sought by his motion filed December 14, 2010 to suppress evidence seized by law enforcement "by way of eP2P downloads on June 6, 2007 and June 14, 2007 from IP addresses later discovered to have been registered to Max Budziak's household, and all fruits thereof" including evidence seized "from the residence of the defendant . . . located at 658 Arrowhead Drive, San Jose CA on or about July 24, 2007." 12/14/10 Mot. to Suppress at 2:1-7. The court orally denied the motion at the pretrial conference on January 6, 2011. The court now reduces that order to writing.

    Previously, on December 18, 2008, defendant filed a similar motion to suppress evidence seized in the July 24, 2007 search of his residence. Defendant claimed that the affidavit submitted by FBI Special Agent Luders in support of the search warrant contained "contained false statements

1  and/or material omissions which were either intentionally false, or which were made in reckless
2  disregard for the truth, and that the affidavit is insufficient to establish probable cause to search
3  when the false statements are deleted and when the material omissions are included." 12/18/08 Mot.
4  to Suppress at 2:13-16.  In particular, defendant argued that Special Agent Luders's affidavit omitted
5  information that users of the LimeWire software found on defendant's computer can elect not to
6  share files, and sometimes are interested in viewing or downloading files only.  Further, defendant
7  contended that the warrant omitted the fact that many users of LimeWire do not understand the
8  software, or the risk of unintentionally sharing files by default.  In addition, defendant stated that
9  review of a copy of defendant's computer seized on July 24, 2007 conducted by defense expert Ron
10 Short did not reveal copies of all of the images that Special Agent Lane had downloaded from
11 defendant's IP address six weeks earlier.  Defendant urged that  "based on Mr. Short's examination
12 of the forensic image, the statement that the files were downloaded or available for download on
13 June 6, 2007, as alleged in the affidavit appears to be false." *Id.* at 5:26-28.  Mr. Short did
14 acknowledge that he had found child pornography on defendant's computer, including in the
15 LimeWire "shared" folder located on that computer.
16       The government pointed out that the defendant had not made a factual showing that the
17 information submitted in support of the search warrant contained intentionally and materially false
18 statements or omissions and that the search warrant application included evidence that FBI Special
19 Agent Lane had in fact downloaded child pornography from defendant's IP address on June 6, 2007.
20       The court orally denied the motion and stated: "I don't see evidence of deliberate and
21 reckless false statements contained in the affidavit. Whether or not further discovery will be allowed
22 and what it may be show is the reason that I'm denying the motion without prejudice." 1/20/09
23 Hearing Transcript at 19:21-20:2.
24       Defendant's current motion to suppress, filed approximately two years after the original
25 suppression motion, is based on the same allegations originally raised plus (1) Budziak's declaration
26 that he understood how LimeWire worked and that he had disabled the sharing function prior to the
27 June 6, 2005 download by Agent Lane and (2) Defense Expert Short's declaration that an article he
28

2
ORDER DENYING MOTION TO SUPPRESS
NO. CR-08-00284-RMW

read about an injunction obtained against LimeWire for copyright infringement indicated that LimeWire began distributing software "with a 'backdoor' that allowed the software on a remote computer to be manipulated by employees of LimeWire." 12/14/10 Short decl. at 3:1-8. Defendant in essence contended that these additional facts supported an evidentiary hearing concerning the government's enhanced software that it used to download the pornography from defendant's computer on June 7, 2010. The government provided a declaration from Agent Gordon, who is a primary instructor on use of the EP2P program and one who participated in its development and testing. He explained that the EP2P program is an FBI enhanced version of the publicly available LimeWire software that has a user interface that limits collection of files to a single IP address. The EP2P software does not enable the FBI to file share or download files from a LimeWire user's computer if the user has disabled the sharing function of the software. Further, he declared that the software does not have a "backdoor" that enables the user to manipulate the data of a LimeWire user.

Even without the information supplied by Agent Gordon, defendant has not made a showing that the search warrant was obtained without probable cause or made the showing required for a hearing. To obtain a hearing the defendant must make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and that the allegedly false statement was "necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155 (1978). Defendant has provided no evidence that a "backdoor" existed in any LimeWire software in 2007 or that the government has ever had such a "backdoor"[1] in its enhanced software or could download files from a users' software if the user had disabled the sharing function. Defendant does claim he is familiar with how LimeWire software works and that he turned off the file sharing feature of his LimeWire software. He implies that the government must have had the ability to obtain files from his

---

[1] Attached to Short's declaration is an October 2010 article from PC Magazine about an injunction LimeWire entered into in a civil action in which it agreed to disable file sharing functions in its software. Defendant provided no information that the "backdoor" was available in 2007, that it was ever available to the government, or that it could be used to enable files to be shared.

3

ORDER DENYING MOTION TO SUPPRESS
NO. CR-08-00284-RMW

LimeWire program since he had disabled the file sharing feature.

Defendant's allegation does not constitute a substantial showing that false or misleading information was contained in the search warrant affidavit. Defendant does not supply any specifics about how he turned off the file sharing feature, nor offers any rational explanation for the fact that there were files available for sharing found on his computer in the July 24, 2007 search. The download of a number of pornographic images of children from defendant's IP address in itself provides probable cause. Even if the affidavit had included everything that defendant asserts it should have, such as the facts that LimeWire users sometime select only to download and do not realize that they have made files available for sharing, there would still have been an adequate showing of probable cause.

In conclusion, the court again finds that there is no evidence, or at least no credible evidence, from which it can be rationally inferred that Agent Luders's warrant affidavit was false or misleading, or omitted material information. The affidavit clearly supported a finding of probable cause.

DATED: January 18, 2011

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge